Case number 161184, Jeffrey Bradley v. Wells Fargo Bank, N.A. et al. Ms. Harmon. May it please the court, I'm Terry Harmon and I appear for Jeff Bradley. Jeff Bradley borrowed money. Excuse me. Once again, we're in appellate court. We've read the record. We know the facts very well. Could you start by stating what the issues are on appeal? Yes, thank you, Your Honor. There are two separate time segments, the pre-foreclosure time and the post-foreclosure time. We maintain that the judge below erred in three regards. Failure to consider our intentional infliction of emotional distress claim for the pre-foreclosure activity. Secondly, the trespass grant of summary judgment was inappropriate as a matter of New Hampshire law for the reason that there was no memorandum of sale which is required by Barrows v. Bowles. I understand that throughout the proceedings before the district court, you never asserted that that was an element of the trespass claim and that you may well have waived that claim. Would you like to respond? Yes. The owner, Jeff Bradley, maintained that he was the owner, that there was a trespass. That's not answering my question. And on a motion for summary judgment, the moving party is to put forth the facts giving rise to a conclusion of law which under Barrows v. Bowles is requiring both a memorandum of sale and a gavel going down. I submit that it's not the owner's obligation. It's the moving party's obligation in a motion for summary judgment to say that there's no issue as a matter of fact. There's no issue of law. Is there a statutory requirement when the notice of sale, the memorandum of sale has to be recorded? I do not believe that the memorandum of sale is to be recorded, Your Honor. The law is that the title passes, according to Barrows v. Bowles, title passes when the deed is recorded. In this case, the deed was not recorded until July after the alleged misconduct. So we have two things. We have the actual foreclosure auction and separately we have the recording of the deed two and a half, three months later in July 2011. The question is whether there was trespass and whether Jeff Bradley could assert the trespass claim as a holder of rights superior to the bidder at the foreclosure. Are you arguing to us that he basically still owned the property because the bank had failed to file the deed of foreclosure? Yes, title passes when the deed is recorded. With respect to the argument on the Barrows v. Bowles, when the gavel goes down and the high bidder says, yes, I'll pay the high bid amount on a verbal, the question is then would Jeff Bradley, his rights would be inferior to the high bid amount on a verbal? To this verbal bidder who may leave town never to be heard from again. That's why Barrows v. Bowles says you need two things. When the gavel goes down and the memorandum of sale is signed, that's when there would be superior right to go in to assert rights higher than Jeff Bradley's. Okay, so now I'm confused. The initial question was whether New Hampshire law required the recording of the memorandum of sale. You've now said the case law requires that the gavel come down and that there be a memorandum of sale. That says nothing about recording. That's right, Your Honor. I think Barrows v. Bowles speaks to the loss of legal and equitable rights. I must say I'm at this point confused. You say that there needed to be a memorandum of sale. You also said the title passes only when the deed is actually recorded. So it seems to me there are a couple of things you're saying. One, that there's a memorandum of sale problem. He has rights. Are they greater rights after the memorandum of sale or lesser rights after the memorandum of sale? Where do these rights come from? That's what I'm sort of confused by at this point. We can go to New Hampshire law says that title passes when the deed is recorded. That would be July. So your client would have no further rights on the property at that point? That's correct. And before that point, does he have greater rights before the memorandum of sale than he has after the memorandum of sale? He has greater rights after the foreclosure auction because there was no memorandum of sale. Barrows v. Bowles says you need two things, both follow the gavel and the memorandum of sale. Well, if there is no memorandum of sale, then Jeff Bradley's rights are superior to anyone. And the recording of the deed then would cut off his rights. So you're saying there was never a memorandum of sale? There's not any memorandum of sale.  Just the deed. The way the district court read Barrows v. Bowles, your client lost title to the property immediately after the foreclosure sale. He became a tenant at Sufferance and New Hampshire law has long recognized that a tenant at Sufferance may not maintain a trespass claim against his landlord. So the district court said you don't have a common law claim of trespass. Your argument is that as a matter of law, he has misread Barrow and that Barrow is a tenant.